UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KENNETH TIMOTHY LUC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-4036** |
| **STATE OF LOUISIANA DPS&C, WCI, RICHARD STALDER, SECRETARY, WARDEN JAMES MILLER** | **SECTION "I" (4)** |

### REPORT AND RECOMMENDATION

Before the Court is a **Rule 12(b)(6) and 12(b)(1) Motion to Dismiss (Rec. Doc. No. 12)** filed by the defendants, Warden James Miller and Secretary Richard Stalder. This motion, along with the entire case, was referred to a United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and (2)**.

On March 28, 2006, the undersigned Magistrate Judge conducted a hearing pursuant to *Spears v. McCotter*,[1] and its progeny, with the plaintiff, Kenneth Timothy Luc ("Luc") and Jennifer

---

[1] 766 F.2d 179 (5th Cir. 1985). The purpose of the *Spears* Hearing is to ascertain what it is the prisoner alleges to have occurred and the legal basis for the claims. *Spears*, 766 F.2d at 180. The information elicited at the hearing is in the nature of an amended complaint or a more definite statement under Fed. R. Civ. P. 12(e). *Wilson v. Barrientos*, 926 F.2d 480, 481 (5th Cir. 1991).

Medley, counsel for defendants, participating by telephone.[2] Upon review of the record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

I.     **Factual Summary**

   A.     **The Complaint**

Luc was an inmate incarcerated in the Washington Correctional Institute ("WCI") in Angie, Louisiana at the time of the filing of this *pro se* and *in forma pauperis* complaint pursuant to Title 42 U.S.C. § 1983.[3] Luc filed this complaint against the Louisiana Department of Public Safety and Corrections ("DOC"), DOC Secretary Richard Stalder, WCI, and WCI Warden James Miller seeking monetary damages.

Luc did not set forth any specific allegations in his complaint. Instead, he referred the Court to the issues and arguments set forth in his disciplinary appeal in Case No. WCI-2005-184. He attached this documentation to his complaint.

According to the exhibits, Luc was convicted of violating Rule #28, an aggravated work offense.[4] He was found guilty after hearings on May 10 and 17, 2005.[5] He was sentenced to a loss of 30 days of good time credits. This sentence had been previously imposed on April 5, 2005 on a previous charge but was suspended at that time.

---

[2]Rec. Doc. No. 18. The plaintiff was sworn prior to testifying. The cassette tape of the hearing is being forwarded to the custody of the Court Recording Unit along with a copy of this Report and Recommendation.

[3]Luc has since provided the Court with a civilian address. Rec. Doc. No. 14, 16.

[4]Rec. Doc. No. 1, Disciplinary Board Appeal.

[5]Rec. Doc. No. 1, WCI Appeal Decision.

He appealed the decision on May 24, 2005, alleging that he was not provided a copy of the original disciplinary report issued May 5, 2005.[6] He also complained that he was denied due process, denied the right of the accused to be notified of the charge against him, and denied the right to judicial review.

Warden Miller reviewed his appeal and determined that he had not received a copy of the charges against him prior to the hearing dates. As a result, the Warden directed that he be provided a copy of the original disciplinary report and he remanded the matter for another hearing. The conviction and sentence were expunged from Luc's record pending the rehearing on remand.[7]

Luc nevertheless appealed this decision to the DOC claiming that the charges should be dismissed because of courtroom misconduct, denial of due process and double jeopardy.[8] Linda Ramsay, on behalf of Secretary Stalder, rejected the appeal finding it to be moot in light of the expungement and remand for rehearing.

Nevertheless, given the absence of allegations in the complaint, the Court conducted a *Spears* Hearing to ascertain his complaints.

### B. The *Spears* Hearing

Luc testified that he was charged with an aggravated work offense while housed in WCI. He further testified that he was using the bathroom when the cell block doors were opened for him to leave for his work assignment. He stated that, as a result, the door was closed before he could leave the cell block for work.

---

[6] Rec. Doc. No. 1, Appeal from the Disciplinary Board.

[7] Rec. Doc. No. 1, WCI Appeal Decision; Disciplinary Board Appeal.

[8] Rec. Doc. No. 1, WCI Appeal Decision.

He further testified that, at 6:45 a.m., an officer questioned why he was still in his cell. Luc stated that he told the officer that he could not make it out in time before the door closed. He also stated that he was let out of the cell at 7:30 a.m. to report to work.

He testified that Sergeant McMurray wrote out a report for an aggravated work offense. He also testified that he was issued a copy of a disciplinary write up but it was the wrong one. He stated that he was taken before the disciplinary board and discovered that he had signed the wrong form for another inmate and did not have a form indicating the charge pending against him. He claimed that he asked the disciplinary board for an opportunity to get a copy of the correct disciplinary report. The disciplinary hearing was continued for one week to provide him with a copy.

Luc testified that when the disciplinary hearing took place one week later, he still had not been provided with a copy of the charge against him. He was, nevertheless, found guilty of the charge and sentenced to a loss of 30 days of good time credits. Luc stated that he sought review of the disciplinary conviction and was denied relief on appeal.

He further testified that while the documentation states that the sentence was expunged, he believes that he would have been released from jail earlier if not for the disciplinary proceeding. He also testified that he filed suit against Warden Miller and Secretary Stalder because they each are supervisors over WCI. Luc claimed that Warden Miller should be held liable for McMurray's actions.

## II.     **Pending Motion to Dismiss**

The defendants Miller and Stalder have filed a Motion to Dismiss seeking dismissal of Luc's complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) claiming that they are entitled to

qualified immunity and that Luc's claims must therefore be dismissed or, alternatively, he should be required to file a *Schultea* reply to their qualified immunity defense.

Luc responded to the motion arguing that Stalder and Miller directly participated in the violation of his civil rights or learned of the violations and failed to correct it. He also contends that each defendant created a custom or policy which allowed or encouraged the unlawful acts and otherwise engaged in gross negligence in the management of their respective employees.

Before proceeding to the substance of the motion, the Court will conduct its statutory review for frivolousness. The Court will first set forth the standards applicable to its review.

### III.     Standards of Review

#### A.     Statutory Review for Frivolousness

Title 28 U.S.C. § 1915A and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional

allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

### B.  Dismissal Pursuant to Fed. R. Civ. P. 12(b)

Under Rule 12(b)(1), the court may dismiss a complaint if it lacks jurisdiction over the subject matter. *See* Fed. R. Civ. P. 12(b)(1).  Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a district court may dismiss a complaint for failure to state a claim upon which any relief may be granted. *See* Fed. R. Civ. P. 12(b)(6).  The same standard is applied for a motion to dismiss brought under either Rule 12(b)(1) for lack of jurisdiction or under Rule 12(b)(6) for failure to state a claim for which relief can be granted. *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992).

In considering a motion to dismiss, the court must accept as true all well-pleaded facts and must draw all reasonable inferences from those allegations in the plaintiff's favor. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  A complaint shall only be dismissed if it is beyond doubt that the plaintiff can prove no facts in support of his claim that would entitle him to relief. *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998).

In resolving a Rule 12(b)(6) motion, the court is generally limited to considering only those allegations appearing on the face of the complaint.  However, matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may be taken into account. *Chester County Intermediate Unit v. Pennsylvania Blue Shield,* 896 F.2d 808, 812 (3rd Cir. 1990). Further, the Fifth Circuit has held that when reviewing pro se complaints, the court must employ less

stringent standards, look beyond the inmate's formal complaint and consider material subsequently filed as amendments to that complaint. *Howard v. King*, 707 F.2d 215 (5th Cir. 1983); *see also Haines v. Kerner*, 404 U.S. 519 (1972). In *Taylor v. Gibson*, the Court explained:

> It is the responsibility of the courts to be sensitive to possible abuses [in the prison systems] in order to ensure that prisoner complaints, particularly pro se complaints, are not dismissed prematurely, however unlikely the set of facts postulated. An opportunity should be provided the prisoner to develop his case at least to the point where any merit it contains is brought to light.

*Taylor v. Gibson*, 529 F.2d 709, 713-14 (5th Cir.1976); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Finally, while conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent the granting of a Rule 12(b) motion to dismiss, such motions are viewed with disfavor and are rarely granted. *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 246 (5th Cir. 1997).

## IV.    Review for Frivolousness

### A.    Eleventh Amendment Immunity

#### 1.    Claims against the DOC and WCI

Luc has named as defendants the Louisiana Department of Public Safety and Corrections and the Washington Correctional Institute. These entities are not proper defendants and the claims against them must be dismissed as frivolous.

WCI is a state operated correctional facility under the control and administration of the DOC.[9] The DOC is a department within the Louisiana state government. La. Rev. Stat. Ann. §

---

[9] See La. Rev. Stat. Ann. §36:408 which defines the purpose and function of the Louisiana Department of Public Safety and Corrections. It provides as follows in pertinent part:
   A.   The purpose for which the offices of the Department of Public Safety and Corrections are created shall be as set forth in this Section. . . .

36:401.  For Eleventh Amendment purposes, the DOC is considered an arm of the state since any judgment against it or its subdivisions necessarily would be paid from state funds.  *Anderson v. Phelps*, 655 F. Supp. 560, 564 (M.D. La. 1985).  Therefore, suit against the DOC and WCI is suit against the State of Louisiana, which is prohibited by the Eleventh Amendment.  *Citrano v. Allen Correctional Center*, 891 F. Supp. 312, 320 (W.D. La. 1995) (Noting that "[a] suit against any state correctional center would be suit against the state and therefore barred by the Eleventh Amendment.") (citing *Anderson*, 655 F. Supp. at 560 and *Building Engr. Serv. Co., Inc. v. Louisiana*, 459 F. Supp. 180 (E.D. La. 1978)).

The Eleventh Amendment forbids federal courts from entertaining a suit for monetary damages brought by a citizen against his own State.  *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 98 (1984);  *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 185-86 (5th Cir. 1986).  A state may expressly waive this Eleventh Amendment sovereign immunity.  *See Edelman v. Jordan*, 415 U.S. 651, 673 (1974) (holding that a state's consent to suit against it in federal court must be expressed unequivocally); *Welch v. Dep't of Highways*, 780 F.2d 1268, 1271-73 (5th Cir. 1986).  However, the State of Louisiana has not done so.  To the contrary, La. Rev. Stat. Ann. § 13:5106(a) provides that "no suit against the state . . . shall be instituted in any court other than a Louisiana state court."

---

G. (1)  The office of adult services shall perform functions of the state relating to correctional institutions, work release programs, and the probation and parole programs for adults, including functions relating to the operations and maintenance of . . . Washington Correctional Institute . . .

(2)  In addition, it shall perform functions relating to the establishment and administrations . . . of a diagnostic and treatment center, which may consist of one or more branches, to undertake medical, educational, psychiatric, and social studies of persons committed to facilities under the jurisdiction of the office, all in accordance with applicable laws.

Luc's claims against the DOC and WCI are frivolous, fail to state a claim for which relief can be granted, and otherwise seeks relief from an immune defendant and must be dismissed pursuant to Title 28 U.S.C. § 1915(e) and § 1915A.

### 2.      Claim against Stalder and Miller in Their Official Capacities

Luc also has named Secretary Stalder and Warden Miller as defendants. In so doing he did not specify whether he was suing them in their official or individual capacity. Despite this fact, these defendants filed a motion seeking to dismiss Luc's claims because they are entitled to qualified immunity from being sued in their individual capacity but did not address their official capacity.

Nevertheless, to the extent these defendants are named in their official capacity, the claims are frivolous and otherwise fail to state a claim for which relief can be granted.

In order to succeed on a claim under § 1983, a plaintiff must prove both the constitutional violation and action that was taken by a "person" under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978); *Polk County v. Dodson*, 454 U.S. 312 (1981). A state actor sued in his or her official capacity is not considered a person for purposes of suit under § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989). Instead, the action would be considered one against the employer, in this case, the Louisiana Department of Corrections ("DOC"). *See Monell v. Dep't of Social Services*, 436 U.S. 658, 690 n. 55 (1978).

As discussed above, the DOC is a department within the Louisiana state government and enjoys Eleventh Amendment immunity. *Anderson v. Phelps*, 655 F. Supp. 560, 564 (M.D. La. 1985). Therefore, suit against the defendants Miller and Stalder in their official capacities is suit against the State of Louisiana, which is also prohibited by the Eleventh Amendment. *Muhammad v. Louisiana*, 2000 WL 1568210 (E.D. La. Oct. 18, 2000).

Luc's claims against Stalder and Miller in their official capacities are frivolous, fail to state a claim for which relief can be granted, and otherwise seek relief from an immune defendant and must be dismissed pursuant to Title 28 U.S.C. § 1915(e) and § 1915A.

**B.     Secretary Stalder in his Individual Capacity**

During the *Spears* Hearing, Luc clarified for the Court that he intended to sue Secretary Stalder as supervisory officials who should be held responsible for the actions of McMurray and the failings in the disciplinary proceedings at WCI.

A supervisory official, like Stalder, cannot be held liable pursuant to § 1983 under any theory of *respondeat superior* simply because an employee or subordinate allegedly violated the plaintiff's constitutional rights. *See Alton v. Texas A&M University*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Baskin v. Parker*, 602 F.2d 1205, 1220 (5th Cir. 1979). Moreover, a state actor may be liable under § 1983 only if he "was personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation." *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); *see also Watson v. Interstate Fire & Casualty Co.*, 611 F.2d 120 (5th Cir. 1980).

In this case, Luc has not alleged that Stalder had any personal involvement in disciplinary charge or the events leading up to or during the disciplinary proceeding. The exhibits submitted by Luc as part of his complaint show that Stalder had no involvement at any phase of the proceeding. Thus, as supervisors, Stalder can not be held liable for the actions of McMurray or any other DOC or WCI employee under the circumstances alleged by Luc.

For these reasons, the claims against Stalder in his individual capacity are frivolous and otherwise fail to state a claim for which relief can be granted and must be dismissed.

### C.     Warden Miller in his Individual Capacity

Luc, during the *Spears* Hearing, alleged that Warden Miller should be held liable as the supervisor over McMurray for the improprieties in the disciplinary proceeding. These claims are also frivolous. As discussed above, § 1983 does not provide a remedy under a theory of respondeat superior which could hold a supervisory official like Miller liable. Section 1983 requires some personal involvement in the alleged constitutional violation by the individual being sued. Thus, as a supervisor over McMurray or the disciplinary board, the claims against Miller are frivolous.

Furthermore, to the extent Luc demonstrates that Miller was personally involved in the disciplinary appeal process in which he claims to have been denied due process, Luc has failed to establish a congizable §1983 claim against Miller. The Supreme Court has also placed limitations on the inmate's ability to challenge the disciplinary process itself under § 1983.

In *Sandin v. Connor*, 515 U.S. 472, 481-83 (1995), the Supreme Court held that analysis of a prisoner's due process claim relating to prison disciplinary action begins with determining whether a constitutionally protected liberty interest exists. "Liberty interests protected by the Fourteenth Amendment may arise from two sources - the Due Process Clause itself and the laws of the States." *Hewitt v. Helms,* 459 U.S. 460, 466 (1983).

In *Sandin*, the Supreme Court recognized that, although the States may create liberty interests, "these interests will generally be limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484 (citations omitted). Thus, in *Sandin*, when a convicted prisoner was placed in disciplinary segregation for 30 days and the discipline did not inevitably affect the duration of his sentence, the Court held that due process does not require that he be afforded the procedural

mechanisms previously prescribed in *Wolff v. McDonnell*, 418 U.S. 539, 555-57 (1974),[10] and *Hewitt,* 459 U.S. at 470-72.[11]

Luc's challenge to the disciplinary process itself therefore is also not cognizable under § 1983. The allegations and record presented by Luc demonstrate that Warden Miller overturned his conviction because he had not been given proper notice, the very complaint he raises here. The conviction and sentence were expunged, thus his sentence was not ultimately affected by the proceeding. These facts demonstrate that, because of Warden Miller, Luc received the due process protections required under *Wolff* and *Hewitt* and successfully challenged his disciplinary conviction. Having failed to allege a constitutional violation cognizable under § 1983, the claims against Warden Miller must be dismissed as frivolous.

Furthermore, to the extent Luc claims that Warden Miller acted with gross negligence, his claims are also frivolous. Acts of negligence do not implicate the Due Process Clause such to give rise to a claim under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986); *see also Davidson v. Cannon*, 474 U.S. 344 (1986). Allegations amounting to negligence cannot support a § 1983 claim for violation of the Eighth Amendment. *Eason v. Thaler*, 73 F.3d 1322, 1328-29 (5th Cir. 1996) (negligence deprivation of religious rights or gross negligence in permitting a gas leak to occur); *Hare v. City of Corinth, Ms.*, 74 F.3d 633, 641-42, 646 (5th Cir. 1996) (negligent failure to

---

[10]In *Wolff*, the Supreme Court held that because disciplinary proceedings are not part of a criminal prosecution, the prisoner is not afforded "the full panoply of rights" provided in criminal proceedings. *Wolff*, 418 U.S. at 556. Nevertheless, the *Wolff* court held that, when punishing a prisoner for lengthy periods or when causing loss of privileges or time, prison officials must afford the prisoner some due process in disciplinary proceedings before imposing punishment, including advance written notice of the violation, a written statement from the factfinders, and an opportunity to call witnesses and present evidence. *Id.*

[11]In *Hewitt*, the Supreme Court held that simple disciplinary proceedings where the inmate faced only short disciplinary confinement merely required an informal non-adversary review, some notice of the violation, and the opportunity to make a statement.

protect); *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993) (negligent medical care); *Doe v. Taylor Independent School District*, 975 F.2d 137, 142 (5th Cir. 1992), *vacated on other grounds*, 15 F.3d 443 (5th Cir. 1994) ("Even when constitutional liberty interests are implicated, not all bodily injuries caused by state actors give rise to a constitutional tort, for it is well settled that mere negligence does not constitute a deprivation of due process under the Constitution.")

Instead, an official must act with deliberate indifference to be liable under § 1983. An official is deliberately indifferent to an inmate's health and safety in violation of the Eighth Amendment "only if he knows that the inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999). "Deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of harm." *Thompson v. Upshur County, Tex.*, 245 F.3d 447, 459 (5th Cir. 2001). Thus, Luc's claims of gross negligence must be dismissed as frivolous.

Having resolved that Luc's claims must be dismissed pursuant to Title 28 U.S.C. § 1915(e), § 1915A and Title 42 U.S.C. § 1997e, the Court finds that the Motion to Dismiss filed by Stalder and Miller should be dismissed as moot.

**V.     Recommendation**

It is therefore **RECOMMENDED** that the plaintiff's § 1983 claims against the defendants, Secretary Richard Stalder, Warden James Miller, WCI and the DOC, be **DISMISSED WITH PREJUDICE** as frivolous and/or for failure to state a claim for which relief can be granted and/or for seeking monetary damages from an immune defendant pursuant to Title 28 U.S.C. § 1915(e) and § 1915A and Title 42 U.S.C. § 1997e.

It is further **RECOMMENDED** that the **Rule 12(b)(6) and 12(b)(1) Motion to Dismiss (Rec. Doc. No. 12)** filed by the defendants Miller and Stalder be **DISMISSED** as moot.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this ___15th___ day of _____June_____, 2006.

                                            **KAREN WELLS ROBY**
                                      **UNITED STATES MAGISTRATE JUDGE**